**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

REV. WALTER FISHER,

    Plaintiff,

-vs-                                                  Case No.  8:06-CV-2097-T-30MAP

BOZENA ZELISKO, et al.,

    Defendants.

_____/

## **ORDER**

Plaintiff, a pre-trial detainee[1] being held in the Polk County Jail ("PCJ"), initiated this action *pro se* by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 8, 2006, Plaintiff was granted leave to proceed *in forma pauperis* (Dkt. 7). Even though allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), having reviewed the complaint, the Court concludes that it does not warrant service on the named Defendants.

Pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims, "if the allegation of poverty is untrue," or the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[1]The Court takes judicial notice of information available at the Jail Information Inquiries database maintained by the Polk County Sheriff's Office, http://www.polksheriff.org/inquiry.html, viewed on November 9, 2006, which provides arrest and booking information. *See* Fed. R. Evid. 201. The information is not relied upon to determine Plaintiffs' criminal record, but rather to confirm information provided in the complaint. Plaintiff was arrested on charges of burglary with an assault, false imprisonment, aggravated stalking, and battery on May 17, 2005, Booking #2005-011724. A contempt of court charge was lodged against Plaintiff on October 12, 2006. Currently, Plaintiff is being held in the PCJ awaiting the final disposition of the charges, Booking # 2006-022025.

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *see Neitzke v. Williams*, 490 U.S. 319, 327 (1989), or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), *overruled on other grounds by, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Burch v. Apalachee Community Mental Health Services, Inc.*, 840 F.2d 797, 800 (11th Cir. 1988), *aff'd by, Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996); *see also Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If either element is missing, the claim fails.

In his complaint, Plaintiff names, *inter alia*, Bozena Zelisko, Rev. Matthew Mello, Archbishop John Myers, Bishop Thomas Wenski, Rev. Kenneth Herbster, Attorneys Robert Norgard and Brian Toreky, William Kremper, Ph.D., Henry Dee, Ph.D., William Baxter, and Dr. Gab as defendants. For reasons discussed below, the claims against these Defendants are subject to summary dismissal.

During 2000, Plaintiff, a Polish immigrant serving as associate pastor at the Sacred Heart of Jesus Church in Irvington, New Jersey, became the "spiritual leader and mentor" to parishioners Joseph and Bozena Zelisko. According to Plaintiff, on an undisclosed date,

Mr. Zelisko "placed [Plaintiff] over [his] wife . . . to guard over until [Mr. Zelisko] returned to the U.S." (Dkt. 2 at 7).  With the assistance of Bishop Ryszard Karpinski, Plaintiff and Defendant Zelisko relocated from New Jersey to Florida for "health and economic reason[s]." Defendant Zelisko assumed responsibility for procuring Plaintiff's food and preparing his meals (Dkt. 2 at 7-7a). It is unclear why Plaintiff named Mrs. Zelisko as a defendant in the complaint, but it is clear that there are no allegations of misconduct by her set out in the complaint.

Defendants Mello, Myers, Wenski, and Herbster are officials within the Catholic Church.  Plaintiff asserts that Defendant Mello "did not honor the church responsibility to supply substance [sic] to [Plaintiff]" following his relocation to Lakeland, Florida (Dkt. 2 at 7). According to Plaintiff, Defendants Myers, an official in the Archdiocese of Newark, and Wenski, an official in the Diocese of Orlando, were likewise "responsible to assure that [Plaintiff] was provided with housing, food, [and] transportation, per their establish [sic] responsibility. [Plaintiff] was left by both of then [sic] neglected and abused in violation of there [sic] written as well as implied contract with [Plaintiff]" (Dkt 2 at 7c). Defendant Herbster, an official in the Archdiocese of Newark, retained Defendant Norgard to represent Plaintiff. Plaintiff contends that Defendants Herbster and Norgard "coerced, persuaded" Defendants Kremper and Dee "into finding [P]laintiff incompetent" and acted in conjunction together to "exclude [P]laintiff from defense [sic]." *Id.* Plaintiff further contends that Defendants Kremper and Dee "falsely found the [P]laintiff to have a mental condition." *Id.*

Complaining that he was "not properly represented by legal counsel," Plaintiff contends that Defendants Norgard and Toreky rendered ineffective assistance of counsel during his state court proceedings (Dkt. 2 at 7c). Plaintiff further complains, without

explanation, that Defendant William Baxter "retained [P]laintiff illegally," and Defendant Dr. Gab "misdiagnosed a mental illness on [P]laintiff" (Dkt. 2 at 7d).

These allegations lack sufficient factual support to survive review under § 1915(e)(2)(B)(i). Based on Plaintiff's statement of his case, none of these Defendants is "a person acting under color of state law," as required to proceed under § 1983. *See* Dkt. 2 at 7a-7d. Thus, all claims against Defendants Zelisko, Mello, Myers, Wenski, Herbster, Norgard, Toreky, Kremper, Dee, Baxter, and Dr. Gab will be dismissed. Plaintiff cannot proceed with a cause of action under § 1983 against Defendants who are not state actors.

Without disclosing any details regarding his arrest or the nature of the offense(s) with which he was charged, Plaintiff acknowledges in his request to proceed *in forma pauperis* that he has been incarcerated at the PCJ since May 17, 2005. Plaintiff contends that he was falsely arrested by Officers Nona Dyess and Brian Shill but fails to provide any factual support for the claim (Dkt. 2 at 7b). Even though he is proceeding *pro se*, Plaintiff is bound by the rules requiring that any pleading setting forth a claim for relief "shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . " Fed. R. Civ. P. 8(a). There can be no question that the Plaintiff's complaint runs afoul of this basic rule. "[E]ven in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also Pontier v. City of Clearwater, Fla.*, 881 F.Supp. 1565, 1568 (M.D.Fla. 1995). Mere conclusions of law, unsupported by any facts, are insufficient to warrant allowing a § 1983 claim to go forward.

Finally, Plaintiff names Circuit Court Judges Dennis Maloney and Susan H. Roberts, Tenth Judicial Circuit Court, Polk County, Florida, as Defendants. According to Plaintiff, Defendant Maloney "failed to provided a competency hearing where the [P]laintiff to be [sic] present" (Dkt. 2 at 7). Plaintiff further complains that Defendant Roberts "placed an injunction against [Plaintiff], residence [sic] of evening meals." Judges are absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Because Plaintiff challenges actions taken by Defendants Maloney and Roberts while conducting judicial proceedings, it is clear that they are absolutely immune from suit in performing these judicial responsibilities. *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (citations omitted), *cert. denied*, 503 U.S. 921 (1992). Therefore, Plaintiff's action against Defendants Maloney and Roberts is "completely without a legal basis." *Id*.

Plaintiff requests "immediate injunctive relief to be found innosent [sic] [and] set free" (Dkt. 2 at 8). The *Younger* abstention doctrine precludes this Court from interfering with the pending state court proceedings in this case. *See Younger v. Harris*, 401 U.S. 37 (1971). As the Eleventh Circuit Court of Appeals has explained:

> The state courts are courts of equal dignity with all of the federal "inferior courts" -- to use the Framers' phrase -- and state courts have the same duty to interpret and apply the United States Constitution as we do. If the state courts err in that respect, the remedy lies in review by the Supreme Court, the same place a remedy may be found if we err. Federal "inferior courts" have no more business issuing supervisory injunctions to safeguard federal constitutional rights in state court proceedings than state courts have issuing such injunctions to safeguard federal constitutional rights in federal court proceedings.

*Pompey v. Broward County*, 95 F.3d 1543, 1550 (11th Cir. 1996).

A *pro se* plaintiff's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). While a plaintiff is not required to prove his claim in his complaint, he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. Plaintiff has failed to carry this burden, and the Court concludes that no relief could be granted against these Defendants under any set of facts that could be proved consistent with the allegations made by Plaintiff in his complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

ACCORDINGLY, the Court **ORDERS** that:

1. The complaint is **DISMISSED** for failure to state a claim on which relief can be granted (Dkt. 2).

2. The Clerk is directed to enter judgment against Plaintiff, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 15, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to*:*
*Pro se* Plaintiff

SA:jsh